IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD L. LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | CV. NO. SA-13-CV-145-DAE |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER: (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND (2) GRANTING DEFENDANTS'
<u>MOTION TO DISMISS</u>

Before the Court is Richard Lowe's ("Plaintiff") Objections to the Magistrate Judge's August 27, 2013 Report and Recommendation (Dkt. # 22) and a Motion to Dismiss brought by Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Defendant"). (Dkt. #8). Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration, and for the reasons given below, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 20) and **GRANTS** the

1

Motion to Dismiss brought by Defendant.   (Dkt. # 8).

BACKGROUND

On February 27, 2013, Plaintiff instituted this suit, pro se, against Defendant seeking declaratory relief under 28 U.S.C. § 2201–2202 and mandamus relief under 28 U.S.C. § 1361.   (Dkt. # 1 ¶ 103–115).   Plaintiff seeks judgment to establish whether he, "as a political citizen of the nation of the United States imputing a political status of American national, domiciled within the geographical boundaries of one of the fifty states not embraced by Art. IV, § 3, cl. 2 of the United States Constitution, [is] lawfully and legally eligible to elect a Form SS-5 Block 5 civil status of 'Legal Alien Allowed to Work' without being a person of foreign nationality or otherwise possessing federally-issued evidence of a politically 'alien' legal status such as an alien admission number or an alien registration number (A-number)."   He insists that he is entitled to such status and, therefore, requests that the Court order the Commissioner of Social Security to update his information to reflect his requested civil status of "Legal Alien Allowed to Work."   (Id. at 17–18, 20).

Plaintiff, a United States Citizen born in San Antonio, Texas, submitted a Form SS-5 (Application for a Social Security Card) to the Social Security Administration ("SSA"), requesting a change in his citizenship status from "U.S.

Citizen" to "Legal Alien Allowed to Work."  (Dkt. #8 at 5).  Plaintiff received an interim decision from the SSA advising him that it lacked the agency authority to change his citizenship status and that Plaintiff would have to first contact and obtain a ruling as to his citizenship status from the United States Citizen and Immigration Services ("USCIS").  (Id. at pg. 5–6).  Without obtaining a ruling from the USCIS or a final decision from the SSA, Plaintiff filed the instant suit, challenging the SSA's interim decision.  (Id. pg. 6).

Plaintiff filed his first amended complaint on May 1, 2013.  (Dkt. # 5). On July 3, 2013, Defendant filed her Motion to Dismiss or, In the Alternative, Motion for Summary Judgment ("Mot.," Dkt. #8), alleging Plaintiff failed to exhaust his administrative remedies.  Within her Motion, Defendant cited several exhibits but failed to attach them, and on July 8, 2013, Defendant moved to supplement the Motion to Dismiss to include such exhibits.  (Dkt. # 9).

On July 15, 2013, Plaintiff filed a response to Defendant's Motion to Supplement, alleging Defendant's Motion violated the Court's Privacy Policy because it contained an unredacted copy of Plaintiff's Form SS-5 ("Exhibit A") revealing Plaintiff's birth months.  (Dkt. # 10.)  On July 16, 2013, Plaintiff filed a response to Defendant's Motion to Dismiss (Dkt. # 11) and a Motion to Strike Exhibit and Compel Resubmission (Dkt. #12), requesting the Court strike

3

Defendant's Exhibit A attached to her Motion to Supplement and compel the resubmission in redacted form pursuant to the Court's Privacy Policy.

On August 19, 2013, the Magistrate Judge granted in part Plaintiff's Motion to Strike Exhibit and Compel Resubmission and ordered Defendant to resubmit a redacted version of Exhibit A.  The Court also ordered Defendant to submit redacted versions of two other filings that contained Plaintiff's birth month: Exhibit E and an attachment to Defendant's supplement to its Motion.  The Magistrate Judge ordered that upon resubmission all such files shall be filed nunc pro tunc by the Clerk of the Court, in lieu of the unredacted documents.  The next day on August 20, 2013, Defendant filed a Notice of Filing Redacted Documents pursuant to the Court's order.  (Dkt. # 16.)

On August 27, 2013, Magistrate Judge Henry J. Bemporad filed his Report and Recommendation recommending Defendant's Motion to Dismiss be granted and Plaintiff's case be dismissed without prejudice for failure to exhaust all administrative remedies.  (Dkt. # 20.)  Plaintiff timely filed his Objections to the Report and Recommendation.  (Dkt. # 22.)  On September 26, 2013, Plaintiff filed a Motion to Supplement his Objections to the Report and Recommendation (Dkt. # 27) and attached a Supplemental Statement Regarding Objection and Reply to Report and Recommendation of United States Magistrate Judge that the Court has

considered in the disposition of this matter.

## STANDARD OF REVIEW

I.     Review of a Magistrate Judge's Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.    Rule 12(b)(6)

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Review is limited to the contents of the complaint and matters properly subject to judicial notice. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A plaintiff may be held to have failed to state a claim under Rule 12(b)(6) when he has failed to exhaust remedies under an administrative process created by executive branch regulation. See, e.g., Taylor v. U.S. Treasure Dep't, 127 F.3d 470, 478 n.8 (5th Cir. 1997).

## DISCUSSION

I.      Objections to the Report and Recommendation

6

Plaintiff raises two objections to the Magistrate Judge's Report and Recommendation.  First, he asserts that the Magistrate Judge erred in "disregarding due process" by sua sponte permitting the Defendant to redact and resubmit exhibits. (Dkt. # 22 at 1.)  Specifically, Plaintiff asserts "the Court unilaterally rectified the technical deficiency for the Defendant after the deadline, and admitted all the exhibits which should have otherwise been barred from supplementing the Defendant's motion to dismiss–including but not limited to its purported 'interim decision.'"  (Id. at 3.)  However, Plaintiff argues that despite the improper admission of certain exhibits, "its relevance is moot with respect to the facts and law of this case . . . ."  (Id.)

Next, Plaintiff asserts that the Magistrate Judge erred in "subscribing to the Defendant's errant position instead of applying the facts and law of the case as they interface with the legal standard for excusing a failure to exhaust administrative remedies under the jurisprudential exhaustion doctrine."  (Id. at 1.)  Essentially, Plaintiff objects because the Magistrate Judge "subscrib[ed] to the Defendant's errant position," instead of ruling in his favor.

A. Objection to Permitting Defendant to Resubmit Exhibits Without Filing Motion

Courts are given discretion in the enforcement of local rules and policies of the court as they affect the court's records and files.  See Nixon v.

7

Warner Commc'ns, Inc., 435 U.S. 589, at 598 (1978) ("Every court has supervisory power over its own records and files . . . ."); S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993) (holding a court's decision to seal judicial records is within its discretion).

Plaintiff moved to strike the Defendant's Exhibit and compel resubmission in a manner that complied with the Court's Amended Privacy Policy and Public Access to Electronic Files Notice because an exhibit contained Plaintiff's birth month. (Dkt. #12.) In the Order granting in part Plaintiff's Motion to Strike Exhibit and Compel Resubmission, the Magistrate Judge noted:

> The Court has reviewed the remainder of the Defendant's Motion, and has found that Plaintiff's birth month also appears to be listed in Exhibit E to Attachment 2. Additionally, Plaintiff's full birthday appears to be included in an attachment to Defendant's Supplement to its Motion. (Dkt. # 15 at 1 (citations omitted).)

Accordingly, the Magistrate Judge ordered Defendant to resubmit redacted versions of the documents listed in the order. (Id.)

Defendant's argument is that the Magistrate Judge's Order was improper is without merit. The Magistrate Judge was well within his discretion in enforcing the Court's Privacy Policy. The fact that Plaintiff moved to strike only one exhibit for violation of the Privacy Policy has no bearing on the Magistrate Judge's ability to enforce the Privacy Policy as to other documents in violation.

The Court overrules Plaintiff's first objection to the Magistrate Judge's Report and Recommendation.

      B.      <u>Objection That The Magistrate Judge Erred In "Subscribing to the Defendant's Errant Position"</u>

In his Objections, Plaintiff essentially argues that the Magistrate Judge erred in ruling against him by "subscribing to Defendant's errant position."[1]

In its Motion to Dismiss, Defendant contends that Plaintiff's claim should be dismissed for failure to exhaust administrative remedies prior to filing suit. (Mot. at 6.) Specifically, Defendant asserts that Plaintiff's claims should be dismissed because he did not receive a final decision from the SSA before filing suit. (Id.) In his Response, Plaintiff maintains that Defendant "improperly impos[ed] a policy upon [him] applicable to persons of foreign nationality" and, therefore, he should be excused from administrative exhaustion because Defendant "halted the administrative process" by "imposing policy provisions upon [him] which apply to a different class of persons." (Dkt. # 11 at 3–4.)

Under the regulations of the Privacy Act, any "[d]isagreements with [the determination of whether a record will be corrected] are to be resolved through the SSA appeal process." 20 C.F.R. § 401.65. The SSA's Privacy Act provides

---

[1] The Court notes a district court need not consider "[f]rivolous, conclusive, or general objections." <u>Battle</u>, 834 F.2d at 421 (5th Cir. 1987). However, for the sake of thoroughness, the Court will address Plaintiff's objection.

9

the procedures for appealing an "initial decision" on a request to correct or amend a record.  (Dkt. # 9-1.)   The individual must be notified of his right to review by the Commissioner of the SSA, and he may write directly to the Commission, or he may ask for assistance in preparing a written Privacy Act appeal requesting Commissioner review.   (Id.)   If the initial decision remains unchanged by the Commissioner, the individual must be informed in writing of (1) the reason for the refusal to correct or amend, (2) the right to file a statement of the individual's reasons for disagreeing with the decision, (3) the fact that any statement made by the individual will be available to whomever the record was previously, or will be subsequently, disclosed, and (4) the individual's right to seek judicial review in a United States District Court of the agency's refusal to correct or amend his or her record.   (Dkt. # 9-1 at 19.)

In this case, the SSA informed Plaintiff that it could not approve his request to change his status from "U.S. Citizen" to "Legal Alien Allowed to Work" until he contacted and obtained a ruling as to his citizenship status from the United States Citizen and Immigration Services ("USCIS").   (Dkt. ## 8, 9-1 at 3.)   However, instead of resolving his complaints through the SSA appeal process, Plaintiff filed the instant suit.

The Fifth Circuit recognizes "the importance of the exhaustion

requirement and its purpose of preserving the integrity of the administrative process, and . . . will excuse the exhaustion requirement only in extraordinary circumstances." Info. Res., Inc. v. United States, 950 F.2d 1122, 1126–27 (5th Cir. 1992) (emphasis added), superseded by statute as recognized in Shaw v. United States, 20 F.3d 182 (5th Cir. 1994). In Information Resources, the Fifth Circuit expanded upon what constitutes an extraordinary circumstance. There, the Court concluded that the administrative procedures for release of a tax lien were rendered inadequate when the tax lien in question had already been released. Because "[e]xhausting the administrative remedies would entail obtaining the release of a lien which ha[d] already been released," the Court concluded that "extraordinary circumstances" were present and, thus, the law did not require the party to pursue a futile, "useless formality." Id. 1125–27.

Plaintiff argues that the SSA imposed a "futile remedy" upon him by "regarding the Block 5 'U.S. Citizen' civil status as representative of political association with the 'United States' of 42 U.S.C. § 1301(a)(2) in its political sense, when it is a civil status commensurate with domicile relative to the 'United States' of § 1301(a)(2) in its geographical sense," and, thus, "errantly extend[ing] the provisions of § 422.107 upon [him]." (Dkt. # 22 at 11.) Plaintiff argues that the Defendant's "errant position has led to the proposal that [he is] 'required to

submit . . . evidence of alien status" pursuant to 20 C.F.C. § 422.107(e).  (Id.) However, Plaintiff argues that § 422.107 only applies to persons of foreign nationality, and because he is not a person of foreign nationality, "the remedy proposed by the Defendant is futile."  (Id.)  Plaintiff is incorrect.

Section 422.110(a) provides:

> (a) Form SS-5.  If you wish to change the name or other personal identifying information you previously submitted in connection with an application for a social security number card, you must complete and sign a Form SS-5 . . .  <u>You must prove your identity, and you may be required to provide other evidence</u>.

20 C.F.R. § 422.107(a).  Accordingly, § 422.110(a) applies to <u>all</u> requests for a change in any personal identifying information and specifically requires that an individual, without specification as to whether they are not a person of foreign nationality, "may be required to provide other evidence" if "[an individual] wish[es] to change the name or other personal identifying information."  Id.  Further, § 401.65, entitled "How to correct your record," specifically provides: "To amend or correct your [SSA] record, you should write to the manager identified in the notice of systems of records . . . You should submit any available evidence in support of your request."  20 C.F.R. § 401.65.

Plaintiff has not shown "extraordinary circumstances" were present here to excuse the SSA's exhaustion requirements.  The statutes specifically

12

authorize the SSA to require documentary information in addition to the Form SS-5. Beyond his assertion that he should not have had to comply with the SSA's procedures because the SSA would have rejected his claim anyway, Plaintiff presents no reason to excuse the SSA's administrative exhaustion requirement. Further, even assuming that the SSA erroneously requested additional information, he does not demonstrate how his dispute could not have been presented to the Commissioner pursuant to the SSA's appeal process.

## CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 20) and **GRANTS** Defendant's Motion to Dismiss (Dkt. # 8.)

IT IS SO ORDERED.

DATED: San Antonio, Texas, February 21, 2014

_____
David Alan Ezra
Senior United States Distict Judge